1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  ANTHONY DASILVA
   Deputy Attorney General
5  CHARLES C. RAGLAND, State Bar No. 204928
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2203
    Fax: (619) 645-2191
9   Email: Charles.Ragland@doj.ca.gov

10 Attorneys for Respondent

11

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 | **JOSEPH ARIAS, JR.,**               | 08CV1363 DMS (JMA)

16 |                        Petitioner,    | **NOTICE OF MOTION AND
                                             MOTION TO DISMISS PETITION**
17 |            v.                         | **FOR WRIT OF HABEAS CORPUS**

18 | **M. CARASCO, Warden,**               | [NO HEARING DATE REQUIRED]

19 |                        Respondent.

20

21         PLEASE TAKE NOTICE THAT Respondent M. Carrasco[1] hereby moves this Court to

22 dismiss the Petition for Writ of Habeas Corpus (the Petition) because (1) the Petition is a second or

23 successive petition barred by 28 U.S.C. § 2244(b)(3)(A); (2) the Petition is time barred by the one-

24 year statute of limitations under 28 U.S.C. § 2244(d)(1); (3) the Petition fails to state a federal

25 ///

26 ───────────────────────────────────────────

27     1. Petitioner is currently confined at the California Correctional Institution in Tehachapi,
   California, where Fernando Gonzalez is Acting Warden. Accordingly, Acting Warden Gonzalez
28 should be substituted as Respondent. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.
   1992) (proper respondent is warden of facility where prisoner is confined).

1 | question under 28 U.S.C. § 2254(a); and (4) the Petition contains only a procedurally defaulted

2 | claim.

3 |     This Motion is based on the records and files in this case; the records and files in Civil

4 | Case No. 05cv0537 WQH (PCL); the Memorandum of Points and Authorities filed herewith; the

5 | records lodged herewith; and such other good cause as may appear.

6 |     WHEREFORE, Respondent moves that the Petition be dismissed with prejudice.

7 |     Dated:  September 3, 2008

8 |                Respectfully submitted,

9 |                EDMUND G. BROWN JR.
               Attorney General of the State of California

10 |                DANE R. GILLETTE
               Chief Assistant Attorney General

11 |

12 |                GARY W. SCHONS
               Senior Assistant Attorney General

13 |                ANTHONY DASILVA
               Deputy Attorney General

14 |

15 |                s/Charles C. Ragland

16 |                CHARLES C. RAGLAND
               Deputy Attorney General
               Attorneys for Respondent

17 | CCR:adc

18 |

19 | 80276555.wpd
SD2008802165

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:    **Arias v. Carrasco**
No.:    **08CV1363 DMS (JMA)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>September 3, 2008</u>, I served the following document **NOTICE OF MOTION AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

## Electronic Mail Notice List
I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case: n/a
## Manual Notice List
The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

**JOSEPH ARIAS, JR.**
**P-98754**
**CALIFORNIA CORRECTIONAL**
**INSTITUTION**
**P.O. BOX 1031**
**TEHACHAPI, CA 93581**
IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 3, 2008, at San Diego, California.

| A. Curiel | A Curiel |
|---|---|
| Declarant | Signature |

SD2008802165
80278187.wpd

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  ANTHONY DASILVA
   Deputy Attorney General
5  CHARLES C. RAGLAND, State Bar No. 204928
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2203
    Fax: (619) 645-2191
9   Email: Charles.Ragland@doj.ca.gov

10 Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14 | **JOSEPH ARIAS, JR.,**                | 08CV1363 DMS (JMA)

15 |                          Petitioner,  | **MEMORANDUM OF POINTS
                                             AND AUTHORITIES IN**
16 |          v.                           | **SUPPORT OF MOTION TO
                                             DISMISS PETITION FOR**
17 | **M. CARASCO, Warden,**                | **WRIT OF HABEAS CORPUS**

18 |                          Respondent.  |

19

20        Respondent M. Carrasco hereby submits the following Memorandum of Points and

21 Authorities in Support of his Motion to Dismiss the Petition for Writ of Habeas Corpus (the

22 Petition). As set forth below, the Petition must be dismissed because (1) the Petition is a second or

23 successive petition barred by 28 U.S.C. § 2244(b)(3)(A); (2) the Petition is time barred by the one-

24 year statute of limitations under 28 U.S.C. § 2244(d)(1); (3) the Petition fails to state a federal

25 question under 28 U.S.C. § 2254(a); and (4) the Petition contains only a procedurally defaulted

26 claim.

27 ///

28 ///

**INTRODUCTION**

This is Petitioner's second federal habeas petition, so he must obtain leave from the Ninth Circuit before this Court can consider the merits. Additionally, the Petition is subject to dismissal because it is barred by the statute of limitations; fails to state a federal question; and contains only a procedurally defaulted claim. After Petitioner's conviction was affirmed through California's direct-appeal process, Petitioner had one year to file a federal habeas corpus petition. Petitioner filed the current Petition nearly four years later – 35 months after the limitations period had expired. Petitioner is not entitled to statutory tolling for the many habeas petitions he filed in state court because he did not file his first habeas petition in state court until a full year after the limitations period had expired, and the limitations period was not tolled by Petitioner's first federal habeas petition. Additionally, the only claim in the Petition, which challenges the restitution fine imposed, was procedurally defaulted because the California Supreme Court denied the claim as untimely and the claim fails to state a violation of federal law. Accordingly, the Petition must be referred to the Ninth Circuit as an unauthorized second petition or dismissed with prejudice.

**PROCEDURAL BACKGROUND**

On March 8, 2000, in Case No. SCD139765, a San Diego County jury found Petitioner guilty of attempted murder, Cal. Penal Code §§ 664/187(a), and three counts of assault with a semi-automatic firearm, Cal. Penal Code § 245(b). (Lodgment 1 - Clerk's Transcript ("CT") at 168-71.) The jury also found true that Petitioner intentionally and personally discharged a firearm, causing and personally inflicting great bodily injury upon the attempted murder victim, Cal. Penal Code §§ 12022.7(a) & 12022.53(d). (CT at 168.) The jury also found true that Petitioner personally used a firearm in the commission of each of the three assault counts, Cal. Penal Code § 12022.5(a)(1), and that in the commission of two of the assault counts, Petitioner personally inflicted great bodily injury upon the victims, Cal. Penal Code § 12022.7(a). (CT at 169-71.) On March 9, 2000, Petitioner pleaded guilty to unrelated charges of robbery, Cal. Penal Code § 211, and assault with a semi-automatic firearm, Cal. Penal Code § 245(b), in a separate case (Case No. SCD137218). (CT at 185-87, 236.) On November 16, 2000, the trial court sentenced Petitioner to a total term of 39 years 8 months to life in state prison. (CT at 127-30.)

08CV1363 DMS (JMA)

1    On February 8, 2002, the California Court of Appeal granted Petitioner's motion for leave

2  to file a late appeal, and Petitioner appealed his conviction to that court. (CT 133-34; Lodgments

3  2-3.) On September 9, 2003, Petitioner filed a petition for writ of habeas corpus in the California

4  Court of Appeal. (Lodgments 4-5.) On February 20, 2004, the California Court of Appeal

5  consolidated Petitioner's appeal and habeas petition and issued an opinion affirming the judgment

6  and denying the habeas petition. (Lodgment 6.) On March 30, 2004, Petitioner filed a petition for

7  review in the California Supreme Court. (Lodgment 7.) On May 19, 2004, the California Supreme

8  Court denied the petition for review. (Lodgment 8.)

9    On March 16, 2005, Petitioner filed a petition for writ of habeas corpus in the United States

10  District Court, Southern District of California. (Civil Case No. 05cv0537 WQH (PCL) at Doc.

11  No. 1.) On July 19, 2006, the District Court denied the petition and dismissed the action with

12  prejudice. (Civil Case No. 05cv0537 WQH (PCL) at Doc. Nos. 31 & 32.)

13    On August 17, 2006, Petitioner filed a petition for writ of habeas corpus in the San Diego

14  County Superior Court, challenging the restitution fine imposed in Case No. SCD139765.

15  (Lodgment 9.) On October 10, 2006, the San Diego County Superior Court denied the petition.

16  (Lodgment 10.) On March 27, 2007, Petitioner filed a second petition for writ of habeas corpus in

17  the San Diego County Superior Court, challenging the firearm enhancement imposed under Cal.

18  Penal Code § 12022.53(d) in Case No. SCD139765. (Lodgment 11.) On May 25, 2007, the San

19  Diego County Superior Court denied the petition. (Lodgment 12.) On June 7, 2007, Petitioner filed

20  a second petition for writ of habeas corpus in the California Court of Appeal, challenging the Cal.

21  Penal Code § 12022.53(d) firearm enhancement imposed in Case No. SCD139765. (Lodgment 13.)

22  On August 17, 2007, the Court of Appeal denied that petition. (Lodgment 14.) On July 30, 2007,

23  Petitioner filed a third petition for writ of habeas corpus in the California Court of Appeal,

24  challenging the restitution fine imposed in Case No. SCD139765. (Lodgment 15.) On October 9,

25  2007, the Court of Appeal denied that petition. (Lodgment 16.) On January 15, 2008, Petitioner

26  filed a petition for writ of habeas corpus in the California Supreme Court, challenging the restitution

27  fine imposed in Case No. SCD139765. (Lodgment 17.) On July 9, 2008, the California Supreme

28  Court denied the petition. (Lodgment 18.)

08CV1363 DMS (JMA)

1    On July 28, 2008, Petitioner filed the current Petition, his second federal habeas

2 corpus petition, in this Court.

3                                **ARGUMENT**

4                                     **I.**

5    **THE PETITION MUST BE DISMISSED AS A SECOND**
     **PETITION AND REFERRED TO THE NINTH CIRCUIT**
6    **COURT OF APPEALS**

7    Under 28 U.S.C. § 2244(b)(3)(A), "Before a second or successive application permitted by

8 this section is filed in the district court, the applicant shall move in the appropriate court of appeals

9 for an order authorizing the district court to consider the application." Under Ninth Circuit Rule 22-

10 3(a), this Court must refer the Petition to the Ninth Circuit.

11    Without a certificate of authorization, this Court lacks jurisdiction to consider the merits of

12 the Petition. *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998). The docket printouts for this

13 case indicate that Petitioner has not received a certificate of authorization from the Ninth Circuit;

14 accordingly, this Court has no jurisdiction over the Petition.

15    Respondent has additional affirmative defenses to the Petition, which do not require a review

16 of the merits. These affirmative defenses are set forth below.

17                                     **II.**

18    **THE PETITION IS BARRED BY THE STATUTE OF**
     **LIMITATIONS UNDER 28 U.S.C. SECTION 2244(d)**
19

20    Because the Petition was filed after April 24, 1996, it is governed by the Antiterrorism and

21 Effective Death Penalty Act (AEDPA). *Smith v. Robbins*, 528 U.S. 259, 268, n.3, 120 S. Ct. 746,

22 145 L. Ed. 2d 756 (2000). As amended by AEDPA, 28 U.S.C. § 2244(d) provides:

23                (1) A 1-year period of limitation shall apply to an application
         for a writ of habeas corpus by a person in custody pursuant to the
24       judgment of a State court. The limitation period shall run from the
         latest of--
25                (A) the date on which the judgment became final by
         the conclusion of direct review or the expiration of the time for
26       seeking such review;
                  (B) the date on which the impediment to filing an
27       application created by State action in violation of the Constitution or
         laws of the United States is removed, if the applicant was prevented
28       from filing by such State action;

1                  (C) the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if the right has been
2          newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or
3                  (D) the date on which the factual predicate of the claim
or claims presented could have been discovered through the exercise
4          of due diligence.
                   (2) The time during which a properly filed application for
5          State post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward
6          any period of limitation under this subsection.

7          AEDPA's one-year statute of limitations is "designed to impose a tight time constraint

8    on federal habeas petitioners." *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 1680, 164 L. Ed.

9    2d 376 (2006). After the California Supreme Court denied Petitioner's petition for review on May

10   19, 2004, Petitioner did not seek a writ of certiorari from the United States Supreme Court, so his

11   conviction became final 90 days later on August 17, 2004. *Bowen v. Roe*, 188 F.3d 1157, 1159

12   (9th Cir. 1999). Petitioner therefore had until August 17, 2005 to file his federal habeas petition.

13   *Id.* at 1160.

14         Petitioner did not file the Petition with this Court until July 21, 2008, the date Petitioner

15   signed the Petition. Pet. at 12; *see Patterson v. Stewart*, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001)

16   (under mailbox rule, pro se petition constructively filed on date delivered to prison officials); *Lewis*

17   *v. Mitchell*, 173 F. Supp. 2d 1057, 1059 n.1 (C.D. Cal. 2001) (absent contrary evidence, petition

18   presumed delivered to prison officials on date of signing). Thus, Petitioner filed the Petition nearly

19   three years after the statute of limitations expired. The Petition is therefore untimely, unless

20   Petitioner is entitled to a later filing date based on the provisions of 28 U.S.C. § 2244(d)(1)(B)-(D),

21   statutory tolling under § 2244(d)(2), or equitable tolling.

22         Petitioner is not entitled to a later filing date based on the provisions of § 2244(d)(1)(B)-(D):

23   he does not allege there were any state impediments to his filing a petition in federal court; his claims

24   do not depend on a new or recently recognized constitutional right; and the factual predicate for his

25   claims was known before the limitations period expired.

26         Petitioner is not entitled to statutory tolling under § 2244(d)(2) for the time between the end

27   of the direct-appeal process and the time he filed his first state habeas petition, August 17, 2004 to

28   August 17, 2006. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Petitioner is also not

1　entitled to statutory tolling under § 2244(d)(2) for the time his first *federal* habeas corpus petition

2　was pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

3　Further, Petitioner is not entitled to statutory tolling while his state habeas petitions were pending

4　in the state courts because the federal statute of limitations had already expired a year earlier.

5　*Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (once the AEDPA statute of limitations has run,

6　a collateral action cannot revive it); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (awarding

7　statutory tolling for pendency of state habeas petitions would not make federal petition timely

8　because limitations period had already expired).  Additionally, three of the five state habeas petitions

9　Petitioner filed after the direct-appeal process ended (Lodgments 9, 15, and 17) were denied as

10　untimely by the state courts (Lodgments 10, 16, and 18), so Petitioner would not be entitled to

11　statutory tolling while those petitions were pending.  A state habeas petition denied as untimely by

12　a state court is not "properly filed" and is not entitled to statutory tolling under § 2244(d)(2).  *Pace*

13　*v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Bonner v. Carey*, 425

14　F.3d 1145, 1148-49 (9th Cir. 2005).  Thus, Petitioner is not entitled to any statutory tolling under

15　§ 2244(d)(2).

16　　　　Finally, Petitioner is not entitled to equitable tolling.  Equitable tolling is available only where

17　"extraordinary circumstances" beyond the prisoner's control made it impossible for him to file a

18　timely petition.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *Calderon v. U.S. District*

19　*Court (Beeler)*, 128 F.3d 1283, 1288-1289 (9th Cir. 1997), *overruled on other grounds by Calderon*

20　*v. U. S. District Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998).  Equitable tolling is available only

21　in "rare and exceptional circumstances."  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)

22　(*quoting Turner v. Johnson*, 177 F.3d 390 (5th Cir. 1999)).  Equitable tolling does not extend to what

23　are at best "garden variety" contentions of "excusable neglect."  *Irwin v. Dept. of Veterans Affairs*,

24　498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990); *Delaney v. Matesanz*, 264 F.3d 7, 15

25　(1st Cir. 2001); *cf. Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) ("lack of

26　knowledge of applicable filing deadlines," "lack of representation," "unfamiliarity with the legal

27　process," and "ignorance of legal rights" generally do not justify tolling).  Consequently, equitable

28　tolling is rarely granted.  *Dennis v. Woodford*, 65 F. Supp. 2d 1093, 1097 (N.D.Cal. 1999).

1    The Ninth Circuit has cautioned district courts to be mindful of Congress's desire to

2    accelerate the federal habeas corpus process. *Beeler*, 128 F.3d at 1289. The burden is on Petitioner

3    to demonstrate "extraordinary circumstances" warranting equitable tolling. *Id.* The extraordinary

4    circumstances, moreover, must have caused the delay. *See Valverde v. Stinson*, 224 F.3d 129, 134

5    (2nd Cir. 2000) (holding that the prisoner is required "to demonstrate a causal relationship between

6    the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his

7    filing"), *and Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (rejecting equitable tolling claim

8    because, even if temporary closure of prison library constituted extraordinary circumstances, prisoner

9    "has not shown how this lack of access caused his delay in filing"). Petitioner has not established

10    a basis for equitable tolling in this case.

11    Accordingly, the Petition is untimely and must be dismissed with prejudice.

12    <center>**III.**</center>

13    **THE PETITION MUST BE DISMISSED BECAUSE IT FAILS**
      **TO PRESENT A FEDERAL QUESTION UNDER 28 U.S.C.**
14    **SECTION 2254(a)**

15    The Petition must also be dismissed because it fails to allege a violation of federal law.

16    Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus

17    in behalf of a [state prisoner] only on the ground that he is in custody in violation of the Constitution

18    or laws or treaties of the United States." Petitioner's sole claim is that the trial court erred in

19    imposing his restitution fine. Petitioner points to no Supreme Court authority establishing a federal

20    constitutional right to a particular restitution fine amount. Petitioner simply alleges the trial court

21    erred under California sentencing laws in imposing the restitution fine. The United States Supreme

22    Court has emphasized that federal habeas corpus relief is not available to correct errors of state law.

23    *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Specifically,

24    challenging a trial court's imposition of a restitution fine "is not a cognizable federal habeas claim,"

25    even when the claim is couched as a violation of due process. *Flores v. Hickman*, 533 F. Supp. 2d

26    1068, 1085 (C.D. Cal. 2008). Because Petitioner's sole claim is the challenge to his restitution fine,

27    his Petition must be dismissed for failure to raise a federal question.

28    / / /

1

**IV.**

2

3

4

**THE PETITION MUST BE DISMISSED BECAUSE THE ONLY CLAIM STATED IN THE PETITION WAS PROCEDURALLY DEFAULTED WHEN PETITIONER FILED AN UNTIMELY HABEAS PETITION IN THE CALIFORNIA SUPREME COURT**

5      Finally, the Petition must be dismissed because federal review is barred by California's

6   untimeliness rule. Petitioner exhausted his claim regarding his restitution fine by presenting it to the

7   California Supreme Court in a petition for writ of habeas corpus on January 15, 2008. (Lodgment

8   17.)   The California Supreme Court denied that petition as untimely, citing *In re Robbins*, 18 Cal.

9   4th 770, 787, 959 P.2d 311 (1998) and *In re Clark*, 5 Cal. 4th 750, 785 n. 21, 855 P.2d 729 (1993)).

10   (Lodgment 18.)  The Ninth Circuit has recognized that California's untimeliness rule, as reflected

11   in *Clark* and *Robbins*, is an independent state procedural rule. *Bennett v. Mueller*, 322 F.3d 573, 581

12   (9th Cir. 2003).  California's untimeliness rule is also an adequate state procedural rule because it

13   is well-established and consistently applied.   Since Petitioner's claims were denied on an

14   independent and adequate state procedural ground, federal habeas review is barred. *Coleman v.*

15   *Thompson*, 501 U.S. 722, 731-32, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (habeas petitioner who

16   fails to follow state's procedural requirements in presenting federal claim deprives state courts of

17   opportunity to address claim and bars federal habeas court from reviewing claim).

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

## CONCLUSION

2          For the foregoing reasons, the Petition should be referred to the Ninth Circuit or dismissed

3    with prejudice.

4          Dated:  September 3, 2008

5                              Respectfully submitted,

6                              EDMUND G. BROWN JR.
                               Attorney General of the State of California
7                              DANE R. GILLETTE
                               Chief Assistant Attorney General
8
                               GARY W. SCHONS
9                              Senior Assistant Attorney General

10                             ANTHONY DASILVA
                               Deputy Attorney General
11
                               s/Charles C. Ragland
12
                               CHARLES C. RAGLAND
13                             Deputy Attorney General

                               Attorneys for Respondent
14

15   CCR:adc

16   80276559.wpd
     SD2008802165

17

18

19

20

21

22

23

24

25

26

27

28

08CV1363 DMS (JMA)

## CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:    **Arias v. Carrasco**
No.:    **08CV1363 DMS (JMA)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 3, 2008, I served the following document **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

## Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case: n/a

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

**JOSEPH ARIAS, JR.**
**P-98754**
**CALIFORNIA CORRECTIONAL**
**INSTITUTION**
**P.O. BOX 1031**
**TEHACHAPI, CA 93581**
IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 3, 2008, at San Diego, California.

| | |
|---|---|
| A. Curiel | |
| Declarant | Signature |

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | ANTHONY DASILVA
Deputy Attorney General
5 | CHARLES C. RAGLAND, State Bar No. 204928
Deputy Attorney General
6 | 110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone: (619) 645-2203
Fax: (619) 645-2191
9 | Email: Charles.Ragland@doj.ca.gov

10 | Attorneys for Respondent

11

12 | IN THE UNITED STATES DISTRICT COURT

13 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 | **JOSEPH ARIAS, JR.,**          08CV1363 DMS (JMA)

16 |                    Petitioner,    **NOTICE OF LODGMENT**
IN 28 U.S.C. § 2254 HABEAS
17 |        v.                         CORPUS CASE-TO BE SENT TO
CLERK'S OFFICE
18 | **M. CARASCO, Warden,**

19 |                    Respondent.

20

21 |         PLEASE TAKE NOTICE THAT Respondent M. Carrasco has lodged the following

22 | records in connection with his Motion to Dismiss the Petition for Writ of Habeas Corpus:

23 |         1.    Clerk's Transcript, 1 volume, San Diego County Superior Court Case Nos.

24 | SCD139765 & SCD137218, Court of Appeal Case No. D039491;

25 |         2.    Appellant's Opening Brief, Court of Appeal Case No. D039491, filed 12/16/02;

26 |         3.    Respondent's Brief, Court of Appeal Case No. D039491, filed 3/14/03;

27 |         4.    Petition for writ of habeas corpus, Court of Appeal Case No. D042853, filed 9/9/03;

28 | / / /

1    5.    Informal Response to Petition for writ of habeas corpus, Court of Appeal Case
2  No. D042853, filed 12/15/03;

3    6.    Opinion, Court of Appeal Case Nos. D039491 & D042853, filed 2/20/04;

4    7.    Petition for Review, California Supreme Court Case No. S123671, Court of Appeal
5  Case Nos. D039491 & D042853, filed 3/30/04;

6    8.    Order denying petition for review, California Supreme Court Case No. S123671,
7  Court of Appeal Case Nos. D039491 & D042853, filed 5/19/04;

8    9.    Petition for writ of habeas corpus, San Diego County Superior Court Case
9  No. HC18615, filed 8/17/06;

10    10.    Order denying petition for writ of habeas corpus, San Diego County Superior Court
11  Case No. HC18615, filed 10/10/06;

12    11.    Second petition for writ of habeas corpus, San Diego County Superior Court Case
13  No. HC18615, filed 3/27/07;

14    12.    Order denying second petition for writ of habeas corpus, San Diego County Superior
15  Court Case No. HC18615, filed 5/25/07;

16    13.    Second petition for writ of habeas corpus, Court of Appeal Case No. D051017, filed
17  6/7/07;

18    14.    Order denying second petition for writ of habeas corpus, Court of Appeal Case
19  No. D051017, filed 8/17/07;

20    15.    Third petition for writ of habeas corpus, Court of Appeal Case No. D051334, filed
21  7/30/07;

22    16.    Order denying third petition for writ of habeas corpus, Court of Appeal Case
23  No. D051334, filed 10/9/07;

24    17.    Petition for writ of habeas corpus, California Supreme Court Case No. S159966, filed
25  1/15/08; and

26  / / /
27  / / /
28

1        18.  Order denying petition for writ of habeas corpus, California Supreme Court Case

2  No. S159966, filed 7/9/08.

3        Dated:  September 3, 2008

4                        Respectfully submitted,

5                        EDMUND G. BROWN JR.
                          Attorney General of the State of California

6                        DANE R. GILLETTE
                        Chief Assistant Attorney General
7

8                        GARY W. SCHONS
                        Senior Assistant Attorney General

9                        ANTHONY DASILVA
                        Deputy Attorney General

10

11                        s/Charles C. Ragland

12                        CHARLES C. RAGLAND
                        Deputy Attorney General
                        Attorneys for Respondent

13

14  CCR:adc
    80276535.wpd
15  SD2008802165

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:    **Arias v. Carrasco**
No.:    **08CV1363 DMS (JMA)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made. I am 18 years of age or
older and not a party to this matter. I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service. In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On September 3, 2008, I served the following document **NOTICE OF LODGMENT** by placing
a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the
internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite
1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

## Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following
person(s), who are currently on the list to receive e-mail notices for this case: n/a

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who
therefore require manual noticing):

**JOSEPH ARIAS, JR.**
**P-98754**
**CALIFORNIA CORRECTIONAL**
**INSTITUTION**
**P.O. BOX 1031**
**TEHACHAPI, CA 93581**
IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on September 3, 2008, at San Diego,
California.

| A. Curiel | |
| --- | --- |
| Declarant | Signature |

SD2008802165
80278189.wpd